GEORGE E. WILLIAMSON *vs.* ELEANOR W. HATCH *et al.*

Argued Oct. 27, 1893.   Affirmed Nov. 29, 1893.

No. 8392.

**Transfers by insolvent debtor after petition filed.**

The filing of a petition for a receiver for an alleged insolvent debtor does not *ipso facto* avoid a transfer made by him after the petition and before the hearing.

**The knowledge of, or notice to, the purchaser is the material question.**

In an action to set aside such transfer the most material question is whether the purchaser or assignee had reasonable cause to believe that the debtor was insolvent when the transfer was made; and in considering the evidence of the circumstances and conduct of the debtor the rule in respect to the question of his insolvency is less stringently applied where he is not a "trader" or engaged in commercial or banking business.

**Findings supported by the evidence.**

The findings and decision of the trial court *held* justified by the record.

Appeal by plaintiff, George E. Williamson, from a judgment of the District Court of Hennepin County, *Thomas Canty*, J., entered May 29, 1893.

On March 4, 1891, Philo L. Hatch owned lots one (1), two (2) and three (3) in block fourteen (14) in Wells, Sampson & Bell's Addition to Minneapolis valued at $100,000, but incumbered $40,000. He was insolvent and owed over $75,000 beside the mortgage. He and his wife, Eleanor W. Hatch, on that day gave their son, Raymond W. Hatch a power of attorney, authorizing him to sell and convey the property, and on the same day they removed from the State. On March 9, 1891, the son under this power sold and conveyed the property to the Home Savings and Loan Association for $80,000 subject to the mortgage which it assumed to pay as a part of the purchase price. In further part payment the Association caused Fred A. Warner to make and deliver to Eleanor W. Hatch, the debtor's wife, his note for $1,800 and interest and secure it by his mortgage to her on a part of lots six (6) and seven (7) in Hoyt's Addition to St. Anthony. Warner was owing the Association and at its request

gave this note and mortgage. She on June 25, 1891, assigned the note and mortgage to defendant Edson S. Gaylord in trust, to hold, collect or sell the same and out of the proceeds to pay Colyer S. Wentworth and William J. Graham $1,200, and the Minneapolis Fuel. Co. $503.57, which sums Philo L. Hatch was owing them. On June 24, 1891, the National Bank of Commerce and George E. Williamson, creditors of Philo L. Hatch, filed their petition in the District Court of Hennepin County, under Laws 1881, ch. 148, § 2, asking the appointment of a receiver of his property. An order was made that day that he show cause why such receiver should not be appointed. He appeared and answered and such proceedings were had that on July 7, 1891, the plaintiff was duly appointed receiver of his property. He brought this action as such receiver, against Eleanor W. Hatch, Edson S. Gaylord, Colyer S. Wentworth, William J. Graham and the Minneapolis Fuel Company, to recover the Warner note and mortgage for $1,800 and interest, claiming that they belonged in fact to Philo L. Hatch, and were taken in the name of his wife to hinder, delay and defraud his creditors, and that the assignment by her to Edson S. Gaylord was made at his request, after the petition for a receiver was filed against him, and with the purpose and intent on his part to give to Colyer S. Wentworth, William J. Graham and the Minneapolis Fuel Co. a preference over his other creditors, and that these creditors and Gaylord each and all then had notice and reasonable cause to believe that Philo L. Hatch was insolvent. Eleanor W. Hatch did not answer, all the other defendants denied any notice or knowledge, or cause to believe, that Hatch was insolvent when the note and mortgage were assigned to Gaylord. The issues were tried January 2, 1893. On the trial plaintiff offered to show, that on June 25, 1891, when Eleanor W. Hatch assigned the note and mortgage to Gaylord, there were several actions pending against Philo L. Hatch in the District Court of Hennepin County, claiming a fair inference might be drawn from this fact that the defendants had heard thereof. He also offered to show by Charles T. Thompson, a witness, that he had been one of the attorneys for Philo L. Hatch and knew of his indebtedness, and knew, when the sale was made to the Home Savings and Loan Association, that the securities received were taken in the name of either Hatch's wife or his daugh-

ter.    Plaintiff then asked the witness if he knew why the securities were so taken.    To this defendants objected, and the offers and evidence were all excluded and plaintiff excepted.    This is the evidence mentioned at the close of the opinion.

The Court made findings that the defendants, other than Eleanor W. Hatch, had, at the time of the assignment of the note and mortgage to Gaylord, no knowledge or reasonable cause to believe that Philo L. Hatch was insolvent, that they accepted the transfer of the note and mortgage in good faith and did not know that they were thereby given a preference over other creditors, and ordered judgment for defendants.    It was so entered and plaintiff appeals. The title to another of the securities taken on the sale, was involved in *Williamson* v. *Selden*, 53 Minn. 73.

*Flannery & Cooke*, for appellant.

The evidence excluded tended to show what means the preferred creditors and their trustee had to know, and what cause to believe, that Hatch was insolvent.    *Forbes* v. *Howe*, 102 Mass. 427; *Wager* v. *Hall*, 16 Wall. 584.

The circumstances detailed in the testimony show that Gaylord had reasonable cause to believe that Philo L. Hatch was insolvent, but if not, it at least was sufficient to put him upon inquiry.    *Holcombe* v. *Ehrmanntraut*, 46 Minn. 397; *Hastings Malting Co.* v. *Heller*, 47 Minn. 71; *Buchanan* v. *Smith*, 16 Wall. 277; *Scammon* v. *Cole*, 5 Bank. Reg. 257; *In re Forsyth & Murtha*, 7 Bank. Reg. 174.

Being put upon inquiry, he is chargeable with the knowledge which such inquiry would have furnished.    *Daniels* v. *Bank of Zumbrota*, 35 Minn. 351; *Dow* v. *Sutphin*, 47 Minn. 479.

The filing of a petition for the appointment of a receiver in the office of the Clerk of the District Court is notice to the creditors receiving the transfer, and is reasonable cause to believe that the debtor is insolvent.    The statute makes the filing of the petition in the office of the Clerk of Court notice to all.    1878 G. S. ch. 41, § 23; *Paulson* v. *Clough*, 40 Minn. 494.

It seems to us that the property of the insolvent passes to the assignee as of the date when the petition for his appointment was filed.    *Beardslee* v. *Beaupre*, 44 Minn. 1; *Ex parte Foster*, 2 Story,

131; *Ex parte Newhall,* 2 Story, 360; *McLein* v. *Lafayette Bank,* 3 McLean, 185; *Buchanan* v. *Smith,* 16 Wall. 277; *Bank* v. *Sher-man,* 101 U. S. 403; *Conner* v. *Long,* 104 U. S. 228; *Glenny* v. *Lang-don,* 98 U. S. 20; *Wickerham* v. *Nicholson,* 14 Serg. & R. 118; *Taffts* v. *Manlove,* 14 Cal. 47.

*Edson S. Gaylord, Jones & Babcock* and *Taylor & Woodard,* for respondents.

The pendency of suits and docketing of judgments cannot be shown by parol. And had defendants known of these suits, they could not be charged with notice that Eleanor W. Hatch was a party to the alleged attempts of Philo L. Hatch to defraud his creditors.

There was not, in the whole case, one particle of evidence to show that the defendants, the Minneapolis Fuel Co., or C. S. Went-worth & Co., or Edson S. Gaylord, had any knowledge or reasonable cause to believe that Philo L. Hatch was insolvent, or that they took the mortgage otherwise than in good faith, or with any attempt to obtain a preference. This presents a question of fact, and the burden of proof is on the plaintiff. The trial Court, after a full consideration of all the evidence, made the finding complained of, and this Court will not disturb it. Mere suspicion of insolvency is not enough. *Grant* v. *National Bank,* 97 U. S. 80; *Barbour* v. *Priest,* 103 U. S. 293.

In order to recover in this action plaintiff has the burden of showing that Philo L. Hatch was insolvent, that defendants knew that fact, or some fact from which insolvency would be presumed, that by the transfer in question Hatch intended to make a fraudulent preference, that defendants accepted the preference knowing these facts and intending thereby to obtain a preference, and that defendants knew of the alleged fraudulent making of the mortgage to Eleanor W. Hatch. *Baumann* v. *Cunningham,* 48 Minn. 292; *Hoover* v. *Greenbaum,* 61 N. Y. 305.

Unlike the United States bankruptcy law, our insolvency law does not forbid conveyances after proceedings commenced, or make the commencement of proceedings for a receiver notice to third parties. *Graham* v. *Evans,* 39 Minn. 382; *Paulson* v. *Clough,* 40 Minn. 494.

Under statutes like ours, it is held that when a debtor executes a mortgage to a *bona fide* creditor with the design of hindering and delaying other creditors, without any participation on the part of the creditors preferred and without any knowledge on their part of the fraudulent plans of the mortgagor, such mortgage will not be fraudulent. *Kohn* v. *Clement*, 58 Ia. 589; *Ayers* v. *Adams*, 82 Ind. 109; *Inglehart* v. *Willis*, 58 Tex. 306; *Crabb* v. *Morrissey*, 31 Neb. 161; *Stroff* v. *Swafford*, 81 Iowa, 695; *Baumann* v. *Cunningham*, 48 Minn. 292; *Farrington* v. *Stone*, 35 Neb. 456; *Blake* v. *Boisjoli*, 51 Minn. 296.

VANDERBURGH, J. There are but three questions in this case requiring particular notice.

1. The petition for the appointment of a receiver of the estate of Philo W. Hatch was filed the day before the assignment of the securities made in trust and for the benefit of the defendants the Minneapolis Fuel Company and Wentworth & Co., creditors of Hatch, but the hearing thereon and the appointment of the receiver took place after such transfer.

The filing of the petition did not *ipso facto* avoid the transfer. The case of *Beardslee* v. *Beaupre*, 44 Minn. 1, (46 N. W. Rep. 137,) only decides that the date of filing the petition should be deemed the initiation of the proceedings in insolvency, and the date from which the limitation for the avoidance of preferential conveyances should be computed, and has no application to this case.

Until an assignment made, or the appointment of a receiver, the title of his property would still remain in the insolvent, and it could be transferred unless inhibited by the statute; and under Laws 1881, ch. 148, § 4, such transfers are only made void within the time limited when made to creditors or persons "who shall have reasonable cause to believe that such debtor was insolvent." ·

2. It follows that the most material question in the case is whether the creditors of Hatch, defendants herein, had reasonable cause to believe that he was insolvent when the transfer complained of was made. Hatch was not a "trader" or merchant, but a practicing physician, and in such cases the term "insolvency" is ordinarily held to have a less restricted meaning than when applied to bankers, traders, etc., *Daniels* v. *Palmer*, 35 Minn. 350, (29 N. W.

Rep. 162;) and this circumstance is entitled to some weight in considering the evidence, relied on by the plaintiff, of facts and circumstances indicating Hatch's insolvency. Upon examination of the record, we are satisfied that it is not thereby indisputably made to appear that the defendants had reasonable cause to believe him insolvent at the time of the transfer. The question was fairly one for the trial court, and its determination cannot be disturbed.

3. The evidence ruled out on defendants' objection was inadmissible, because it did not reasonably tend to support the issue on trial before the court.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 56.)